*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COURTNEY NOCK,

Plaintiff-Appellee,

v

CECILIO MIRANDA-BERMUDEZ,

Defendant-Appellant.

FOR PUBLICATION
July 20, 2023
9:15 a.m.

No. 363362
Ogemaw Circuit Court
LC No. 21-651897-DC

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

CAMERON, P.J.

This case presents a conflict between two Michigan and California child-custody orders. Defendant, Cecilio Miranda-Bermudez, appeals as of right the order granting sole legal and physical custody of the minor children to plaintiff, Courtney Nock. Because the Michigan trial court (the Michigan court) correctly exercised jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The parties met and married in California, where they resided for their entire relationship. They have two minor children together. In early 2020, they discussed separating and plaintiff moved with the children to Michigan to be closer to her family. Defendant remained in California. After the move, defendant's contact with the children was limited. He said plaintiff refused to allow the children to speak with him on the phone, and that plaintiff would not disclose her home address. Plaintiff claimed that contact with defendant was traumatizing for the children. And while she did not provide defendant her home address, defendant knew her brother's address, which was near her home.

On November 13, 2020, defendant filed an ex parte request for a temporary emergency order regarding custody and parenting time in the Superior Circuit Court of California, County of Contra Costa (the California court). He attached a UCCJEA declaration stating that the children had moved to Michigan in April 2020. The California court found that it had jurisdiction to make child-custody decisions because California was the children's home state for purposes of the UCCJEA. On March 22, 2021, the California court entered an order directing the parties (1) to

share joint legal custody; and (2) to move the children back to California to live with defendant. Plaintiff participated in the California proceedings, and did not appeal the California court's order. The children eventually moved to California and plaintiff remained in Michigan.

On August 17, 2021, after the children had moved back to California, plaintiff filed an ex parte motion in Michigan seeking sole physical and legal custody of the children. While she acknowledged the California court's custody order, plaintiff argued the California court's order was unenforceable because the children's home state was Michigan at the time defendant filed the child-custody case in California and, therefore, the California court lacked "subject-matter jurisdiction" over the case. The Michigan court determined that Michigan had home-state jurisdiction under the UCCJEA, and it granted plaintiff temporary sole legal and physical custody of the children. Plaintiff picked up the children and returned them to Michigan.

On December 22, 2021, the California court finalized its initial child-custody decision. Defendant later sought registration in Michigan of the California court's child-custody order. The Michigan court denied defendant's motion, concluding the California court lacked jurisdiction over the matter. The Michigan court also later denied defendant's motion for reconsideration, and later entered an order granting plaintiff sole physical and legal custody of the children. This appeal followed.

## II. SUBJECT-MATTER JURISDICTION

Defendant argues that the Michigan court erred when it determined that it had jurisdiction over the children under the UCCJEA even though the California court had previously issued an initial child-custody determination. We disagree.

## A. STANDARD OF REVIEW

We review de novo whether the circuit court has jurisdiction under the UCCJEA. *Cheesman v Williams*, 311 Mich App 147, 150; 874 NW2d 385 (2015). Even when a court can exercise jurisdiction under the UCCJEA, its decision to do so is reviewed for an abuse of discretion. *Id*. The court abuses its discretion where its decision falls outside the range of principled outcomes. *Id*. This Court reviews for clear legal error the trial court's application of the law. See *id*. at 150-151. The trial court has committed clear legal error if it erred in its choice, interpretation, or application of the law. *Id*. at 151. This Court reviews de novo issues of statutory construction. *Id*.

Questions involving a court's subject-matter jurisdiction are reviewed de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013). This Court also reviews de novo issues involving the UCCJEA and the Full Faith and Credit Clause of the United States. *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 213; 813 NW2d 752 (2011); *Nash v Salter*, 280 Mich App 104, 119-120; 760 NW2d 612 (2008).

## B. LAW AND ANALYSIS

"The UCCJEA governs child custody proceedings involving Michigan and a proceeding or party outside of the state." *Hernandez v Mayoral-Martinez*, 329 Mich App 206, 210; 942 NW2d 80 (2019). Both Michigan and California have enacted the UCCJEA. MCL 722.1101 *et seq.*; Cal Fam Code § 3400 *et seq.* The purpose of the UCCJEA is "to declare that custody decrees of sister states will be recognized and enforced, to achieve greater stability in custody arrangements, and to prevent forum-shopping." *Venesky v Sulier*, 338 Mich App 539, 544; 980 NW2d 551 (2021); see also *In re RL*, 4 Cal App 5th 125; 208 Cal Rptr 3d 523 (2016) ("The UCCJEA is designed to avoid jurisdictional conflicts between states and relitigation of custody decisions, promote cooperation between states, and facilitate enforcement of another state's custody decrees."). The UCCJEA is the exclusive basis for determining whether a court has jurisdiction to make an initial child-custody determination. MCL 722.1201(2); *Cheesman*, 311 Mich App at 151; *In re LC*, 90 Cal App 5th 728; 307 Cal Rptr 3d 463 (2023).

The California court entered the first order directing custody of the parties' minor children, and issues of interstate child-custody are generally driven by the "initial child-custody determination." MCL 722.1201; Cal Fam Code § 3421(a). An "initial determination" is "the first child-custody determination concerning a particular child." MCL 722.1102(h); see also Cal Fam Code § 3402(h). But, a court may only make an initial child-custody determination if it has subject-matter jurisdiction over the case. MCL 722.1201; Cal Fam Code § 3421(a). According to plaintiff, the California court lacked subject-matter jurisdiction to make the initial custody determination, and therefore the Michigan court correctly disregarded the California court's order.

Under California law, the California court could only have jurisdiction to make the initial child-custody determination if:

> (a) Except as otherwise provided in Section 3424, a court of [California] has jurisdiction to make an initial child custody determination only if any of the following are true:

> (1) [California] is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from [California] but a parent or person acting as a parent continues to live in [California].

> (2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that [California] is the more appropriate forum under Section 3427 or 3428, and both of the following are true:

> (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

> (B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of [California] is the more appropriate forum to determine the custody of the child under Section 3427 or 3428.

(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).  [Cal Fam Code § 3421(a).]

California defines a child's "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."  Cal Fam Code § 3402(g).

It is undisputed plaintiff moved with the children from California to Michigan by, at the latest, April 1, 2020.  But defendant did not file the custody action in California until November 13, 2020—more than seven months after the children moved with plaintiff to Michigan.  Yet the California court determined it was the children's home state for purposes of the UCCJEA.[1]  This

---

[1] Plaintiff, who at the time was representing herself, raised the issue of interstate jurisdiction with the California court during her appearance at the hearing on defendant's demand for custody:

[Plaintiff]:  So under the Uniform Child Custody Jurisdiction Enforcement Act that the children live in Michigan, or they reside in a state for at least six months, are we not—are we not adhering to that, or—

* * *

[California Court]:  Home state jurisdiction is when there are two cases filed regarding visitation, and there is a dispute between the courts or the parents on which court should make the ruling on visitation, and home state basically is a principle that comes into play, for example, which court should be handling the custody and visitation orders.

Right now—That's why I asked.  This is the only court that's doing custody and visitation orders.  If you had filed for divorce out there, then there would be a dispute about which case is handling custody and visitation of the children.

So I'm just telling you the decision is not going to be made today, and home state jurisdiction applies other concepts, and one of those concepts is which . . . Court has jurisdiction when there's a dispute between two of them in making this decision.

The California court's analysis of this issue was incorrect.  Home-state jurisdiction is not relevant only when there are "two cases filed regarding visitation."  Rather, the home-state jurisdiction analysis is the dispositive issue as to whether the California court had subject-matter jurisdiction to adjudicate the matter.  To establish its subject-matter jurisdiction, the California court should have considered whether the children lived in California in the immediately preceding six months, Cal Fam Code § 3421(a), and it erred when it disregarded plaintiff's argument and

conclusion was patently incorrect because the children did not live in California in the six months preceding the filing of the California custody action.[2] Thus, the California court erred in exercising jurisdiction over defendant's custody demand.

The question then becomes whether the Michigan court was nevertheless obliged to enforce the California court's custody order despite its jurisdictional error. Resolution of this issue involves the relationship between the UCCJEA, the Full Faith and Credit Clause of the United States Constitution, and the Parental Kidnapping Protection Act (PKPA), 28 USC 1738A. The Full Faith and Credit Clause states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." US Const, art IV, § 1. This means that "a judgment entered in another state is presumptively valid and subject to recognition in Michigan under the Full Faith and Credit Clause . . . which requires that a foreign judgment be given the same effect that it has in the state of its rendition." *Hare*, 291 Mich App at 215-216 (quotation marks, alterations, and citations omitted). "The purpose of the Full Faith and Credit Clause is to prevent the litigation of issues in one state that have already been decided in another." *LME v ARS*, 261 Mich App 273, 285; 680 NW2d 902 (2004) (quotation marks and citation omitted).

> A court of this state shall recognize and enforce a child-custody determination of a court of another state if the latter court exercised jurisdiction that was in *substantial conformity* with this act or the child-custody determination was made under factual circumstances meeting the jurisdictional standards of this act and the child-custody determination has not been modified in accordance with this act. [MCL 722.1303(1) (emphasis added.)]

In the PKPA, a close cousin of the UCCJEA, enforcement of another state's child-custody order is required only when the order was "made consistently with the provisions of this section by a court of another State." 28 USC 1738A(a). And "[a] child custody or visitation determination made by a court of a State is consistent with the provisions of [the PKPA] only if . . . such court has jurisdiction under the law of such State . . . ." 28 USC 1738A(c)(1).

While we recognize that the Full Faith and Credit Clause generally requires courts to recognize judgments of sister states, both the UCCJEA and the PKPA condition the recognition of a sister-state's judgment on whether the other state had subject-matter jurisdiction. In application, this means that when presented with a jurisdictional challenge to another state's earlier child-custody order, the Michigan court must first consider whether the other state had subject-matter jurisdiction to adjudicate the case under the UCCJEA. If the other state's jurisdiction was valid, then the Michigan court must enforce the other state's order under the Full Faith and Credit Clause. If, however, the other state's court lacked subject-matter jurisdiction under the UCCJEA, then the other state's judgment is not entitled to full faith and credit.

---

failed to question where the children had lived in the six months preceding defendant's child-custody demand.

[2] There was no evidence in the record of any of the other jurisdictional bases under § 3421(a).

Here, the California court plainly lacked subject-matter jurisdiction over this child-custody matter because the children did not reside in California in the six months preceding the filing of the child-custody petition there. Thus, the California order was not subject to full faith and credit and the Michigan court was required to disregard the order and proceed to exercise jurisdiction over the parties.

Finally, we note that our analysis is consistent with California precedent. Like Michigan, California courts will generally afford full faith and credit to decisions by other states and conclude that issues fully litigated in other states are res judicata. See *In re Marriage of Gruen*, 191 Cal App 4th 627; 120 Cal Rptr 3d 184 (2011) (quotation marks, alterations, and citations omitted) ("If an order is appealable, and no timely appeal is taken therefrom, the issues determined by the order are res judicata."). But, in matters involving child custody, California also conditions its acceptance of the other state's judgment on whether the other state exercised jurisdiction in compliance with the UCCJEA. For example, in *Peery v Superior Court*, 174 Cal App 3d 1085; 219 Cal Rptr 882 (1985),[3] the parties lived for the majority of their marriage in Louisiana, and their child was born there. The mother moved with the minor child to California, and over nine months later, she filed for dissolution of marriage and for custody of the child in California. *Id*. The California court entered an interlocutory order granting custody to the mother. *Id*. Several months later, the father filed a dissolution and child-custody petition in Louisiana. *Id*. He did not inform the Louisiana court that the child was in California, or that the California court had previously entered an order directing custody of the child. *Id*. The Louisiana court entered an order awarding father custody of the child.[4] *Id*. In determining whether California or Louisiana had jurisdiction over the child-custody issue, the California Court of Appeal noted: "that the California decree awarding [the mother] custody was entered first. If jurisdiction to make that decree existed, then under the [former version of the UCCJEA], the decree was entitled to continuing enforcement in the California court . . . ." *Id*. at 1092. The California court concluded that California was the child's home state under the former version of the UCCJEA, and because there was no other basis indicating that California had relinquished jurisdiction, the Louisiana court lacked jurisdiction over the child-custody matter. *Id*. at 1100. Thus, the California court was not obligated to give full faith and credit to the Louisiana judgment. *Id*. The jurisdictional analysis of *Peery* does not stand alone and California courts of appeal have made similar analyses

---

[3] *Peery* references the "Uniform Child Custody Jurisdiction Act," or "UCCJA," which is the predecessor of the current UCCJEA. See *In re Marriage of Nurie*, 176 Cal App 4th 478; 98 Cal Rptr 3d 200 (2009).

[4] The mother challenged this determination and the Louisiana trial court concluded the matter was res judicata in California. *Peery*, 174 Call App 3d at 1091. However, a Louisiana Court of Appeal concluded that California lacked jurisdiction under the former version of the UCCJEA and reinstated the original Louisiana order. *Id*.

in other decisions.  See, e.g., *Souza v Superior Court*, 193 Cal App 3d 1304; 238 Cal Rptr 892 (1987).

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola